FILED
2014 Jun-25 AM 10:18
U.S. DISTRICT COURT
N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# MIDDLE DIVISION

| | |
|---|---|
| **DAVID HANVEY,** ) | |
| ) | |
| **Claimant,** ) | |
| ) | |
| vs. ) | **Case No. CV-13-S-1635-M** |
| ) | |
| **CAROLYN W. COLVIN, Acting** ) | |
| **Commissioner, Social Security** ) | |
| **Administration,** ) | |
| ) | |
| **Defendant.** ) | |

## MEMORANDUM OPINION AND ORDER

Claimant, David Hanvey, commenced this action on August 30, 2013, pursuant to 42 U.S.C. § 405(g), seeking judicial review of a final adverse decision of the Commissioner, affirming the decision of the Administrative Law Judge ("ALJ"), and thereby denying his claim for a period of disability, disability insurance, and supplemental security income benefits.

The court's role in reviewing claims brought under the Social Security Act is a narrow one. The scope of review is limited to determining whether there is substantial evidence in the record as a whole to support the findings of the Commissioner, and whether correct legal standards were applied. *See Lamb v. Bowen*, 847 F.2d 698, 701 (11th Cir. 1988); *Tieniber v. Heckler*, 720 F.2d 1251, 1253 (11th Cir. 1983).

Claimant contends that the Commissioner's decision is neither supported by substantial evidence nor in accordance with applicable legal standards. Specifically, claimant asserts that the ALJ's hypothetical question to the vocational expert failed to include all of his limitations, and that the ALJ improperly substituted his opinion for that of the consultative medical examiner. Upon review of the record, the court concludes that these contentions are without merit, and the Commissioner's decision should be affirmed.

"'In order for a vocational expert's testimony to constitute substantial evidence, the ALJ must pose a hypothetical question which comprises all of the claimant's impairments.'" *Winschel v. Commissioner of Social Security*, 631 F.3d 1176, 1180 (11th Cir. 2011) (quoting *Wilson v. Barnhart*, 284 F.3d 1219, 1227 (11th Cir. 2002) (*per curiam*)). Claimant contends that the ALJ's hypothetical question in this case did not constitute substantial evidence because the ALJ "did not consider claimant's high blood pressure, back pain, gout, left shoulder, [*sic*] pain obesity, or constrictions of hands and feet."[1] The court does not agree with claimant's argument. During the administrative hearing, the ALJ asked the vocational expert to assume

> a younger individual with a GED, let's say, who can perform, I'm going to say let's say light work with the following limitations.
>
> First of all, he should be restricted to occasional bending and stooping; I'll say no driving; no operating hazardous machinery; no

---

[1] Tr. 11 (alteration supplied).

climbing; no lower extremity pushing or pulling. Those are the initial limitations that I want you to consider. And tell me whether or not, in your opinion there would be any light work opportunities that you believe the claimant could perform as described, sir, please.[2]

The vocational expert responded that there would be jobs existing in significant numbers in the national economy for an individual with the described limitations.[3] The ALJ then asked the vocational expert to consider the same limitations for an individual capable of only *sedentary* work, and the vocational expert again responded that a sufficient number of jobs would be available.[4] The ALJ also inquired about the addition of a restriction to no pushing or pulling with the left upper extremity, and the vocational expert testified that that additional limitation would not have any effect on the number of available jobs at either the sedentary or light exertional level.[5] If, however, claimant was required to alternate between sitting and standing every ten minutes, that would preclude all work activity. Alternating between sitting and standing every two hours would not be so restrictive.[6] The ALJ eventually incorporated all of those restrictions — other than the need to alternate sitting and standing every ten minutes, for which there is no evidentiary support in the record —

---

[2] Tr. 56-57.
[3] Tr. 57.
[4] *Id.*
[5] Tr. 57-59.
[6] Tr. 59-60.

into his residual functional capacity finding.[7]

Even though the ALJ did not explicitly mention conditions like high blood pressure, back and shoulder pain, gout, and obesity to the vocational expert, it is apparent that he took those restrictions into consideration when determining claimant's limitations. The record does not support any restrictions greater than what were described to the vocational expert and subsequently imposed by the ALJ. Accordingly, the ALJ's decision will not be disturbed on the grounds that he failed to consider all of claimant's limitations, or to include all of those limitations in his hypothetical question to the ALJ.

The court is equally unpersuaded by claimant's second argument. Claimant asserts that the ALJ improperly substituted his opinion about claimant's limitations for that of the consultative medical examiner. The primary basis for that argument is that the same ALJ "has a documented record of substituting his opinion for the opinion of medical professionals."[8] It is true that Judge Guin has, on more than one occasion, reversed the ALJ who heard this case at the administrative level on those grounds. *See, e.g., Smith v. Astrue,* 641 F. Supp. 2d 1229, 1232-33 (N.D. Ala. 2009); *Barber v. Barnhart,* 459 F. Supp. 2d 1168, 1172-74 (N.D. Ala. 2006); *Davis v.*

---

[7] *See* Tr. 16.

[8] Doc. no. 10 (claimant's brief), at 16.

*Barnhart*, 377 F. Supp. 2d 1160, 1164 (N.D. Ala. 2005).[9]

As an initial matter, the fact that this ALJ has been reversed on certain grounds in the past — even on multiple occasions — does not, by itself, mean that he should be reversed here.[10] Additionally, Judge Guin's reasons for reversing the ALJ in the cited cases are not present in this case. Judge Guin relied upon Judge Frank Johnson's concurring opinion in *Marbury v. Sullivan*, 957 F.2d 837 (11th Cir. 1992). There, Judge Johnson stated:

> An ALJ sitting as a hearing officer abuses his discretion when he substitutes his own uninformed medical evaluations for those of a claimant's treating physicians: "Absent a good showing of cause to the contrary, the opinions of treating physicians must be accorded substantial or considerable weight by the Secretary." *Lamb v. Bowen*, 847 F.2d 698, 703 (11th Cir. 1988). *See also MacGregor v. Bowen*, 786 F.2d 1050, 1053-54 (11th Cir. 1986); *Broughton v. Heckler*, 776 F.2d 960, 961-62 (11th Cir. 1985). Two medical diagnoses made at different times by different treating physicians revealed that Marbury did in fact suffer from a psychogenically caused seizure disorder. Nevertheless, in the case at bar, it is obvious that the ALJ accorded little or no weight to these diagnoses. An ALJ may, of course, engage in whatever idle speculations regarding the legitimacy of the claims that come before him *in his private or personal capacity*; however, as a hearing officer he may not arbitrarily substitute his own hunch or intuition for the diagnosis of

---

[9] Claimant provides additional examples on pages 17 and 18 of his opening brief. *See* doc. no. 10, at 17-18.

[10] If the ALJ's past reversal rate were dispositive in the present case, the court would also be compelled to consider the cases in which the Commissioner points out that the ALJ has been *affirmed* by other judges on this court, despite objections raised to the ALJ's consideration of medical evidence. *See, e.g., Nix v. Astrue*, No. 6:11–CV–04327–KOB, 2013 WL 5849899, *5-7 (N.D. Ala. October 30, 2013) (slip copy); *Utley v. Astrue*, No. 2:11–CV–01430–RDP, 2012 WL 4479071, *5-7 (N.D. Ala. Sept. 26, 2012).

a medical professional.

*Marbury*, 957 F.2d at 840-41 (emphasis in original). Here, the ALJ did not ignore the opinion of a treating physician, because there was no such opinion in the record. There also is no indication that he ignored any other medical opinions. To the contrary, the ALJ thoroughly discussed the assessment of Dr. Sathyan V. Iyer, the consultative examiner,[11] and he concluded that Dr. Iyer's assessment did not support a finding of disability, or even of "limitations greater than those determined in this decision."[12] The court's review of the record confirms that Dr. Iyer's assessment is consistent with the ALJ's residual functional capacity finding. Even though Dr. Iyer opined that claimant "may have impairment of functions involving walking, standing, climbing, working at heights, working around moving machinery, bending, lifting, carrying, overhead activities, and sitting for too long," he did not specify that claimant would be *completely* impaired in those areas, or that his impairments would preclude him from gainful employment activity. The impairments assessed by Dr. Iyer were accommodated in the ALJ's limitation of claimant to a reduced range of sedentary work activity.

In summary, the court concludes that the ALJ's decision was supported by substantial evidence and in accordance with applicable legal standards. Accordingly,

---

[11] Tr. 17-18, 204-08.
[12] Tr. 19.

the decision of the Commissioner is AFFIRMED. Costs are taxed against claimant.

The Clerk is directed to close this file.

DONE this 25th day of June, 2014.

_____
United States District Judge